THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
ANTHONY LOTEGANO, PLAINTIFF IN ERROR.

Submitted May term, 1933—Decided December 19, 1933.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Douglas M. Hicks,* prosecutor of the pleas (*Joseph H. Edgar,* assistant prosecutor).

Per Curiam.

The plaintiff in error brings up for review, by writ of error, his conviction, in the Court of Oyer and Terminer of Middlesex county, on indictment for robbery and felonious assault. Twenty-four assignments of error appear in the state of case but only five of these assignments are argued. Therefore, the assignments that are not argued will be considered as having been abandoned. *State* v. *Snell,* 96 *N. J. L.* 299; *State* v. *Mohr,* 2 *N. J. Mis. R.* 261; *affirmed,* 101 *N. J. L.* 230; *State* v. *Heyer,* 89 *Id.* 187.

The first assignment of error complains that the trial court addressed the defendant, Lotegano, in the presence of the jury panel in a prejudicial manner which deprived the defendant of a fair trial. We do not think so.

It appears that the defendant came into court an hour and a half later than the time that had been set for the trial; that on the previous day he had been particularly apprised of the fact that his trial would start the following morning at ten o'clock; that the court and·the entire panel on trial day waited until half past eleven or thereabouts for the defendant to put in his appearance. The defendant replied that he was "waiting for a lawyer." The court apparently was considering punishing the defendant for contempt. The court further said to this defendant: "You have been hiding in the vicinity of this court room for some little time and have refused to present yourself in court." That ended the matter. There was no objection made by counsel to this rebuke administered by the court, which to us seems to have been entirely merited, and these remarks are made the basis of an assignment of error.

If counsel had considered the court's remarks to have been prejudicial at the time he would have requested that the case be laid over to another time and, further, if counsel had reasonable ground to believe that the court's rebuke to the defendant militated against his rights he would have requested the court in its charge to have expressly instructed the jury to disregard the incident, which was not done. We do not consider the court's statement to the defendant to have in any way prejudiced his rights and the assignment of error is not properly before us in any event since no objection was made at the time.

The plaintiff in error makes the further point that the court below erred in refusing to allow the defendant to cross-examine one of the state's witnesses regarding the money alleged to have been stolen from the bank.

This assignment of error does not, from a reading of the whole case, appear to be in fact accurate. The court did not prevent defense counsel from going into the matter. The fact is that the court observed that counsel was taking up

time unnecessarily and counsel manifestly acquiesced in that suggestion. There was no objection made or exception entered on the record. The court took no judicial action upon any pending question. There was no judicial rejection or reception of evidence. Consequently, there was no error. *State* v. *Warady,* 77 *N. J. L.* 348; *affirmed,* 78 *Id.* 687; *State* v. *Sweet,* 81 *Id.* 250; *State* v. *Lockman,* 83 *Id.* 168.

It is next contended, on behalf of the defendant below, that the trial court erred in limiting and interfering with the defendant in the examination of a witness.

It appears one witness testified that a shot had been fired from an automobile in which the defendant was said to have been at the time of the bank robbery. An objection was entered on the record at this juncture of affairs where the following question was asked: "I ask you again to explain to this jury why it is you cannot tell us what part of the car the man was sitting in when he fired the shot?" The court reminded counsel that the question had been answered and counsel took exception to the court's statement.

A reading of the entire cross-examination of this witness for the state discloses that previously counsel for the defendant had examined the witness on this very point and the witness answered that he couldn't say from what part of the car the shot had come except that it had been fired out of the side of the car, but that he didn't know whether it was from the front or rear except that he saw the shot fired from the car.

Counsel, for a second time, asked the witness to tell from what part of the car the shot was fired and the court interposed that the witness had already answered. Counsel then desired to examine the witness as to why he couldn't tell from what part of the car the shot had come and the witness replied again that the shot was fired out of the side of the car but that he couldn't say whether it was from the front or the rear part of the car. This same inquiry was again repeated and the answer was, for the third time, reiterated. Counsel then, for the fourth time in his cross-examination, asked the witness whether the man who fired the shot was sitting in the front or the rear of the car and the witness, for

the fourth time, replied that he couldn't say; that he didn't take notice of the particular part of the car from which the shot had come. Thereupon counsel again asked him to explain why he couldn't tell in what part of the car the man was sitting when he fired the shot and the court advised counsel that the witness had answered the question and counsel noted an objection. We assume that this assignment of error is predicated upon the proposition that the court abused its discretion in shutting off cross-examination that was repetitious. We do not think it was an abuse of discretion and no authority is advanced to support it.

The fourth assignment of error states that the court abused its discretion in refusing the reasonable request of the defendant for time to produce a material witness.

This assignment of error has no merit. The witness sought was a sister of the defendant, who was the owner of the automobile alleged to have been used in the commission of the crime, in the side pocket of which the defendant's automobile driving license was found.

Now at three-thirty P. M. on the day of the trial, defense counsel asked for an adjournment in order to procure the presence and testimony of this witness. This of course was a matter of discretion for the trial court and it was no abuse of discretion to have denied the request of counsel. Counsel knew or should have known whether or not he would require the presence of this witness. Counsel does not represent that he requested or invited the witness to attend court. Counsel knew or should have known that in all probability the presence of the automobile in the vicinity of the bank where the robbery occurred would be brought into the case by the state and since counsel neglected to make any effort to procure such witness it was no abuse of discretion to have denied the application. *State* v. *Newman,* 98 *N. J. L.* 294. The defendant does not claim surprise, as counsel frankly admits in his brief, but bases his argument upon the fact that he thought that the state's attorney would take up the entire day in proving the state's case. Counsel miscalculated and of course that circumstance could neither be charged against the state nor the trial court.

The fifth assignment charges that the court erred in its charge by saying that there was a positive identification of the defendant in connection with offense charged. An examination of the case discloses that three witnesses, Hanson, Elizabeth Mika and Knapp, in their testimony, identified with definiteness the defendant below as having been the passenger in the car. This identification was positive in its nature. It was made unqualifiedly and without any saving reservation and cross-examination failed to shake this testimony in any detail.

The trial court may, in his charge to a jury, intimate an opinion as to the weight of evidence so long as he leaves to the jury the determination of the facts and clearly instructs them that their own conclusions and inferences are to govern in the determination of those facts. *State* v. *Warady,* 77 *N. J. L.* 348. This the trial court did, clearly telling the jury that they were the sole judges of the facts and it was for them to draw their own inferences and make their own conclusions on those facts; and if their recollection differed from the recollection of the court it was their recollection that was to prevail in their determinations.

We find no error in the record and the judgment under review is affirmed.