66 N.J. Super. 465 (1961)
169 A.2d 482
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK R. SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1961.
Decided March 30, 1961.
*466 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. John Ferguson argued the cause for appellant.
Mr. Donald H. Mintz, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from convictions on three indictments charging armed robbery. The sole ground *467 of appeal is that defendant's constitutional rights under U.S. Const. Amend. VI, and N.J. Const. 1947, Art. I, par. 10, were violated in the respect that he was denied compulsory process for obtaining witnesses in his favor as provided therein.
The trial consumed four days. The defense was alibi. On the morning of the fourth and final day of trial defendant informed the court for the first time that he was desirous of obtaining the presence of his brother and sister-in-law, John and Cary Brown, to corroborate his alibi. In the colloquy which followed, it developed that defendant's attorney had been aware of the existence of these witnesses for several months, that he had not caused subpoenas to be served on them, and that on the morning of the trial he had been informed by Cary Brown that "she could no longer recall the defendant being away with the children" on the date the crimes were committed, as defendant claimed, and that her husband likewise "could not support defendant's statement" in this respect. The attorney went on to say that he had so advised defendant and told him the witnesses would not be called. In reply to a question by the court, defendant confirmed the latter statement. When he was then asked by the trial judge whether he wished that the witnesses be brought into court he replied that he did, but added that he believed that if they were compelled to come to court "they would say something that would hurt" him. Nevertheless, the court directed the issuance of subpoenas and ordered the sheriff to have the same served immediately. At this juncture defendant's attorney reiterated his opinion that it would be "an error" to call these witnesses in defendant's behalf. The judge then adjourned the morning session of the trial and said that if the witnesses appeared by 3 P.M. he would permit them to testify, but otherwise the trial would proceed to conclusion.
Mrs. Brown was served, Mr. Brown was not. Neither appeared at the afternoon session and the trial was resumed and concluded. It is now urged that the failure of the *468 court to order a continuance for a time sufficient to make its process effective violated defendant's constitutional rights, as aforesaid.
It is generally held that testimony to an alibi in a criminal case is of so material a nature that, if the absence of a witness who will give such testimony is properly presented, a continuance should be granted. Annotation, 41 A.L.R. 1530 (1926). And where the circumstances entitle a defendant to the issuance of process requiring the attendance of an absent witness the defendant should be allowed a reasonable time for making process effectual; otherwise his constitutional right would be of little value to him. 14 Am. Jur., Criminal Law, § 163 (1938). However, constitutional rights are subject to waiver. Hence, it has been held that where defendant was being tried for robbery and made application at 3:30 P.M. on the afternoon of the trial date to produce his sister as a witness, the court was justified in refusing an adjournment on the grounds that counsel knew, or should have known, whether this witness was required prior to trial. State v. Lotegano, 12 N.J. Misc. 49 (Sup. Ct. 1933), error dismissed, 113 N.J.L. 176 (E. & A. 1934).
The granting of an adjournment is a matter singularly within the discretion of the trial court and refusal of an adjournment will not lead to reversal absent manifest wrong or injury to the defendant by reason of such refusal. State v. Gallo, 128 N.J.L. 172, 174 (Sup. Ct. 1942), affirmed o.b. 129 N.J.L. 52 (E. & A. 1942). In this case the State's proofs included identification of the defendant by two of the victims of the robbery, and a confession. In light of this evidence it is difficult to conceive that defendant suffered manifest injury by reason of the denial of an adjournment, particularly when he conceded himself that if the witnesses were compelled to testify, their testimony would be harmful. In any event, the tardiness of defendant's request would have been sufficient reason to have denied it in the first place.
*469 Moreover, it is evident to us that defendant's attorney diligently prepared his case and skillfully tried it. In these circumstances his judgment that the testimony of the absent witnesses would have been damaging to his client's cause is not to be lightly disregarded. As we have said:
"When a defendant is represented at trial by an attorney, the latter has implied authority to make all necessary decisions on all matters incidental to the management of the case which affect only procedure or remedy as distinguished from the cause of action itself, and the party is bound by such acts."
State v. Bentley, 46 N.J. Super. 193, 201-202 (App. Div. 1957); State v. Mulvaney, 21 N.J. Super. 457, 462 (App. Div. 1952). Despite the professional opinion of defense counsel and his repeated protestations, the court heeded defendant's request and issued subpoenas for the witnesses, faced as it was by the dilemma of opposing positions taken by defendant and his counsel. In view of the Bentley rationale as to the authority and function of defense counsel, it might very well have been reversible error had these witnesses appeared in response to the process ordered by the court and then testified unfavorably to the defendant.
For the reasons expressed, the judgments of conviction are affirmed.