STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FRANK R. SMITH, DEFENDANT-APPELLANT.

Argued December 18, 1961—Decided January 22, 1962.

*Mr. C. William Caruso,* Legal Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, attorney).

*Mr. John Ferguson,* Assigned Counsel, argued the cause for defendant-appellant.

PER CURIAM. The judgment of conviction under review is affirmed essentially for the reasons expressed by the Appellate Division. 66 *N. J. Super.* 465 (1961).

Our affirmance, however, is without prejudice to the making of an application to the trial court for a new trial within 30 days after the filing of our mandate.

The defendant was convicted of armed robbery. His defense was an alibi. At the trial two important witnesses, who allegedly would corroborate the defense, failed to appear. The aid of the trial court was enlisted to bring about their appearance, and it was argued in the Appellate Division and in this court that the assistance then provided was so inadequate as to require a vacation of the judgment of conviction.

The record presented to us is barren of any proof in the form of testimony or affidavits as to what the witnesses would have said if produced at the trial or whether they are now available and willing to appear, and, if so, what the specific substance of their testimony would be, particularly with regard to the defendant's whereabouts on the day when the crime charged was committed. In the absence of some such definite particularization, obviously no basis exists for an attack on the legal propriety of the conviction.

In view of the seriousness of the offense involved, however, we have concluded to grant the specified limited leave to apply for a new trial in accordance with the procedure regularly employed for that purpose. Our decision to do so should not be taken as any indication whatever of what we believe the ultimate ruling should be on such a motion. The issue is one calling for exercise of the judgment and discretion of the trial court if and when a proper record is submitted to it. It may be noted also that our action is not to be regarded either as endorsing or disapproving the Appellate Division statement that "it might very well have

been reversible error had these witnesses appeared in response to the process ordered by the court and then testified unfavorably to the defendant." 66 *N. J. Super.*, at *p.* 469.

An appropriate order may be entered.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal.*—None.