146 N.J. Super. 552 (1977)
370 A.2d 478
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL POLITO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1976.
Decided January 11, 1977.
*554 Before Judges CRANE, MICHELS and LEONARD.
*555 Mr. Thomas J. McCormick, Assistant County Prosecutor, argued the cause on behalf of appellant (Mr. Cornelius P. Sullivan, Acting Burlington County Prosecutor, attorney).
Mr. Yves C. Veenstra argued the cause on behalf of respondent (Messrs. Parker, McCay and Criscuolo, attorneys).
The opinion of the court was delivered by CRANE, P.J.A.D., Temporarily Assigned.
Pursuant to the execution of a search warrant, several vehicles which were alleged to have been stolen and allegedly stolen motor vehicle parts were seized and taken from defendant's possession at his auto body parts place of business in the City of Burlington. The seizure took place in the presence of both defendant and his attorney. Shortly after the seizure defendant's counsel requested, by letter, that the prosecutor "keep secure all evidence impounded by the State Police in this matter until we have an opportunity to inspect the impounded articles." The prosecutor replied that all the evidence had been photographed and all pertinent information recorded. The prosecutor further stated that the vehicles and parts in question had been "released, either to the true owners or to their insurance companies after proper identification was received." In fact, at that time one of the vehicles and the parts which later became the subject matter of one of the counts of one of the indictments subsequently returned against defendant had not been returned to the owners or their insurance carriers.
After defendant was indicted, his counsel addressed a written request to the prosecutor to examine all tangible objects which were the subject of the indictments listing particularly the vehicles and parts. The prosecutor again replied that the vehicles had been returned to the owners. Counsel then moved for an order to suppress the photographs of the vehicles and testimony concerning them. After hearing *556 argument the trial judge granted defendant's motion and entered an order that "the evidence concerning indictment numbers I510-74, Counts 1, 2, 3, & 4, and I511-74, Count 2, are hereby suppressed for failure to afford the defendant an opportunity to inspect and provide complete discovery concerning same." The prosecutor then moved for leave to appeal, which was granted.
Defense counsel's stated purpose for his request to inspect the vehicles and parts was to develop testimony of an expert that no suspicion of fraudulent ownership would have arisen in his mind and that the altered identification numbers might not have been noted by a normally prudent auto body repairman. The admissibility and probative value of such highly speculative opinion testimony is questionable. Nevertheless, a defendant's right to discovery is not dependent upon an appraisal of the beneficial value of the material sought to be discovered. State v. Braeunig, 122 N.J. Super. 319, 332 (App. Div. 1973). We agree with the view of the trial judge that the prosecutor should have taken appropriate steps to insure that defendant had an opportunity to inspect the allegedly stolen articles. It is not entirely clear from the record below that the vehicles and the vehicle parts have been put out of the reach of defendant and his counsel. But, having been put on notice of defense counsel's request for an opportunity to inspect the vehicles and parts, it was the affirmative duty of the prosecutor to comply with the request for discovery automatically within a reasonable time; if the prosecutor opposed the right of defense counsel to inspect the articles, his remedy was to seek a protective order pursuant to R. 3:13-3(d). See Report of Supreme Court Committee on Criminal Procedure, 96 N.J.L. 449, 459 (1975).
The State contends that defendant's written request submitted after indictment was not timely because not filed within the ten-day period provided by R. 3:13-3 (e). The written request was not made until a period of 19 days had elapsed from the entry of the plea of not guilty. *557 However, the prosecutor had actual notice of defense counsel's request for inspection by virtue of the letter delivered shortly after the seizure. Although that request was premature, in respect to the time provided in R. 3:13-3(e), see Howard Savings Institution v. Francis, 133 N.J. Super. 54, 60 (App. Div. 1975), it did serve to place the prosecutor on notice. In view of the prompt initial request, it would be unfair to hold the defendant to the strict time limitation of the rule. See R. 1:1-2. The State could have, but did not seek an order pursuant to R. 3:13-3(d) (1) to permit it to deny inspection because of the untimely notice of defendant's request. Defendant's bringing of a motion to prohibit the introduction of material not disclosed was not limited to any particular period of time under the rule; such a motion may be made "at any time during the course of the proceedings." R. 3:13-3(f).
In spite of all we have said, we are troubled by the sweeping and drastic nature of the order granted by the trial judge. By its terms it suppresses all evidence relating to the specified counts of the named indictments. This is a virtual dismissal of the indictments. Such a drastic remedy should not be invoked in advance of trial except upon the plainest and clearest of grounds. State v. Weleck, 10 N.J. 355 (1952); State v. Ferrante, 111 N.J. Super. 299, 304 (App. Div. 1970); State v. Gleitsmann, 54 N.J. Super. 355, 362 (App. Div. 1959).
We are satisfied that the judge properly ordered that the motor vehicles and motor vehicle parts seized by the police under the search warrant be suppressed and that the State be precluded from offering them in evidence at the trial of this indictment. However, we are equally convinced that the trial judge mistakenly exercised his discretion in suppressing the photographs of the vehicles and parts, the testimony of the owners of these vehicles and parts, and the reports and testimony of the police officers who investigated the alleged thefts and who seized the vehicles *558 and parts. State v. Laganella, 144 N.J. Super. 268 (App. Div. 1976).
The proceedings before the trial court below which resulted in the order under review consisted solely of argument of counsel. There is no indication in the record furnished us that the trial judge gave consideration to any factors other than the fact that the expert retained by defendant has not been able to make a physical inspection of the vehicles and parts. We are of the view that the admissibility of the items of evidence other than the vehicles and the parts should not have been decided on such a narrow inquiry. The record reveals that photographs of the vehicles and the parts seized have been made available to defense counsel. Nothing before us indicates that the photographs as well as the detailed description of the vehicles and parts contained in the reports submitted by the investigating officers will not provide a sufficient basis for an expert to formulate the type of opinion defendant seeks to elicit.
Ordinarily rulings as to the admissibility of evidence should be made at trial and not in proceedings brought before trial. State v. Yough, 49 N.J. 587 (1967); State v. Graham, 114 N.J. Super. 518 (App. Div. 1971), aff'd., 59 N.J. 366 (1971). Certainly they should not be made in the abstract without a fair opportunity being accorded to the litigants to develop the facts upon which admissibility depends. Before ruling on the admissibility of photographs, it is incumbent upon the court to determine whether they accurately depict the subject at a time relevant to the issues involved in the litigation. State v. Kennedy, 135 N.J. Super. 513, 525 (App. Div. 1975); Garafola v. Rosecliff Realty Co., 24 N.J. Super. 28, 42 (App. Div. 1952). Whether inability to inspect the vehicles and parts themselves affects the admissibility of the photographs should be determined in the light of all of the circumstances, including the clarity of the photographs, the areas depicted and the admitted fact that defendant and his counsel were present at the time of the seizure.
*559 The effect of the inability to inspect on the admissibility of the testimony of the owners of the vehicles or that of the police officers who investigated the alleged thefts and who seized the vehicles and parts would seem to be remote. Nevertheless, if objection to such testimony is made on the basis of inability to inspect, the question of its admissibility should be resolved either on the basis of an offer of proof or a voir dire hearing.
In the context of this case, it is our view that the issue of the admissibility of all items of evidence other than the vehicles and the parts themselves should be resolved at trial. In accordance with the views expressed in this opinion, the trial judge is directed to modify the order entered on May 25, 1976 to provide that the State is prohibited from introducing in evidence such tangible items as were taken from defendant's possession as to which defendant was denied the opportunity to inspect. In all other respects the order is reversed and the cause is remanded for trial.