132 N.J. Super. 397 (1975)
334 A.2d 44
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN KYLES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 14, 1975.
Decided January 29, 1975.
*398 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Stanley Marcus, designated counsel, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Robert H. Klausner, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was indicted for the commission of an atrocious assault and battery upon Estelle Monk and *399 for the commission of the same offense upon her daughter, Anna L. Brown. A jury acquitted defendant of the charge with respect to Mrs. Monk but convicted him of committing this offense against Anna. An indeterminate sentence to "Yardville" was imposed, and this appeal followed.
Defendant asserts as grounds for reversal that (a) the trial judge erred in refusing to grant a continuance when defense witnesses under subpoena failed to appear; (b) the charge as to flight from the scene of a crime should not have been given, and (c) the verdict was against the weight of the evidence.
On May 7, 1973 Mrs. Monk resided in an apartment in Asbury Park with three of her children. Also residing there, temporarily, were defendant's sister Elizabeth, her husband Robert Livingston, and their two children. Defendant and two of his younger brothers also were in the apartment that night, some time after midnight, according to the police.
There was evidence in the case to show that defendant, Mrs. Monk and defendant's sister were involved in an argument. The police were called and they broke up the quarrel. Defendant had been observed pushing Mrs. Monk and was restrained. Mrs. Monk left the apartment with the police, but returned later with her 16-year-old daughter Anna. It was then that Anna was struck on the head by a pipe. There was sufficient credible evidence for the jury to find that defendant was the assailant. Anna suffered cuts on her head requiring 14 stitches and was hospitalized for four days. There was also evidence that defendant fled after striking her.
This abbreviated recitation of the evidence will serve to dispose of two points urged by defendant  that the verdict was against the weight of the evidence and that the trial judge should not have charged the jury as to the inference to be drawn from the flight of an accused from the scene of a crime. Although there was a conflict in the evidence as to the assault on Anna and defendant's flight, there was sufficient *400 credible evidence as to both to justify the charge on flight and to support the guilty verdict.
At this juncture we pause to note serious improprieties in defendant's brief. No exception was taken by defense counsel to the court's charge on flight (although its inclusion was specifically mentioned at side bar during the discussion of possible exceptions), but defendant's brief fails to mention, as required by R. 2:6-2(a), that this point was not presented below. The requirement of this rule is, by its very language, "mandatory." The consequence of the failure to object below is provided by R. 1:7-2. Subject to the exception for "plain error," R. 1:7-2 provides that "no party may urge as error any portion of the charge to the jury or omissions therefrom unless he objects thereto before the jury retires * * *." State v. Hock, 54 N.J. 526, 538 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970).
Despite the failure to comply with this procedural requirement we have considered the merits and find that the trial judge's charge on the issue of flight was correct and relevant in this case. Defendant's brief argues that the charge on flight was inappropriate since the evidence that defendant fled after striking Mrs. Monk was disproved by the testimony that he was still in the apartment when the police arrived. However, the brief fails to mention the credible evidence of defendant's flight after Anna Brown was struck down. Thus, the brief ignores entirely the significant proofs to which the charge on flight would apply. State v. Sullivan, 43 N.J. 209, 238-239 (1964), cert. den. 382 U.S. 990, 86 S.Ct. 564, 15 L.Ed.2d 477 (1966).
While an attorney should zealously advance the cause of his client, the piecemeal selection so as to create a putative issue is to be condemned. It is improper for an attorney to present an issue unless it can be done in good faith. DR. 7-102(A) (2). Simply because an indigent defendant has the right to be represented by counsel and the right to *401 an appeal without cost does not oblige his counsel to urge specious arguments so as to satisfy that right. No party has the right to have advanced on his behalf contentions that are palpably and clearly unmeritorious. It is a disservice to all litigants when the court's time is consumed by such contentions.
The argument that the verdict is against the weight of the evidence is also advanced on this appeal without noting that it was not raised below. R. 2:10-1 specifically provides that such an issue "shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court." Therefore, defendant is barred from questioning the weight of evidence. State v. McNair, 60 N.J. 8, 9 (1972); State v. Perry, 128 N.J. Super. 188, 190 (App. Div. 1973), aff'd 65 N.J. 45 (1974). It is particularly important to have the trial judge's view of the evidence before an appellate court undertakes an evaluation of its weight. Although we have noted above the lack of merit in this contention, by considering the merits we do not intend to denigrate the importance of this procedural rule.
Defendant has also contended, as the first point raised on this appeal, that the trial judge erred in failing to grant defense counsel a continuance because witnesses subpoenaed on behalf of defendant did not appear. The trial was commenced on a Thursday. On that day the State rested its case after presenting three witnesses  Mrs. Monk, her daughter and a police officer. Defendant then testified in his own behalf and his testimony was completed in the afternoon. At that time his counsel advised the judge that he had other witnesses who were presently unavailable. The court noted that the case could not be completed that day, in any event, and would be continued until Monday.
On Monday morning defense counsel stated that he had three possible witnesses  defendant's sister Elizabeth, his younger brother Melvin, and Elizabeth's husband, Robert Livingston, all of whom were in the apartment on the night in question. Defense counsel stated that another sister of *402 defendant asked these three individuals to come to the court house early Monday morning so that defense counsel could speak to them. He also advised the judge that Elizabeth and Melvin were both subpoenaed on the preceding Friday and that they were advised that transportation could be arranged for them by calling the Public Defender's office.
The prospective witnesses did not appear in court on Monday, nor did they call to request transportation. Defense counsel asserted that "they could very well develop into necessary witnesses in this case," and he requested a continuance, stating that defendant wanted these persons to testify on his behalf. The judge noted that it was then 10:30 in the morning and defendant's sister and brother, the subpoenaed persons, had not appeared. The application for a continuance was denied.
Events such as these pose a difficult problem for a trial judge. Initially we note that the granting of an adjournment is a matter for the discretion of the trial judge. State v. Smith, 66 N.J. Super. 465, 468 (App. Div. 1961), aff'd 36 N.J. 307 (1962). Accord, Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921, 931 (1964).
In State v. Smith, defendant sought to compel the appearance of his brother and sister-in-law in the hope they would support his alibi, although both witnesses had told defense counsel that their evidence would not be helpful to defendant. The trial judge issued subpoenas and continued the case until 3 P.M., but only defendant's sister-in-law was subpoenaed. When neither witness appeared the trial was resumed and completed. In affirming the conviction for armed robbery the Supreme Court noted that no showing was made as to what the witnesses' testimony would have been or would be at a new trial if one were granted. The affirmance was without prejudice to defendant's right to move for a new trial "in accordance with the procedure regularly employed for that purpose." 36 N.J. at 308.
*403 The unexplained failure of a brother and sister to appear voluntarily or in response to a subpoena when defendant is charged with a serious crime must raise some doubt as to their ability honestly to support defendant's case. Defense counsel did not request the issuance of a bench warrant or other steps to compel their appearance. See N.J.S.A. 2A:81-15(c), which subjects a disobedient witness to punishment for contempt. To this day we do not know what defendant's potential witnesses might have said at the trial. Thus, it cannot be said that defendant was prejudiced by the nonappearance of these witnesses. It is futile to adopt a rule that requires a continuance, or the reversal of a conviction, simply on the showing that a relative of defendant who had relevant information did not appear in response to a subpoena, especially when the information might in fact be harmful to the defense.
Accordingly, the judgment of conviction is affirmed.