**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2952-17T1

MANIDIPA KAPAS,

    Plaintiff-Appellant,

v.

ABHIJIT NEOGY,

    Defendant-Respondent.

_____

Submitted December 10, 2018 – Decided  January 2, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1546-11.

L. Nagananda, LLC, attorneys for appellant (Lakshminarasimh I. Nagananda, on the briefs).

Abhijit Neogy, respondent pro se.

PER CURIAM

Plaintiff Manidipa Kapas appeals from portions of a February 12, 2017 Family Part order denying, without prejudice, her motion to modify the child support obligation of her ex-husband, defendant Abhijit Neogy.  We affirm.

We set forth the pertinent facts and procedural history from the limited record provided on appeal.  Plaintiff and defendant were married in February 1998.  One child, A.N., was born of the marriage in May 2002.  Divorced in March 2012, both parties are attorneys who "earn significant incomes" and enjoy "a high standard of living."

Because the parties did not include the judgment of divorce in their appendices, it is unclear whether child support was provided in the judgment.  However, we glean from the trial court's August 6, 2014 order that child support, in the amount of $275, was established at least as of December 2013.  In particular, the August 6, 2014 order provides, "The [c]ourt reserved the right to calculate the child support from the [o]rder dated December 11, 2013[1] and indicated that the obligation would be effective December 6, 2013."  Notably, A.N. was eleven years old in December 2013.

---

[1]  Neither party provided the December 11, 2013 order on appeal.  However, plaintiff provided her case information statement dated November 2, 2013, presumably in support of her post-judgment application for child support.

A-2952-17T1

On November 7, 2014, following defendant's motion for reconsideration, the court entered an order, reducing defendant's child support obligation to $184 per week, effective retroactively to August 12, 2014. Defendant also was required to pay his share of A.N.'s health insurance premium, in the amount of $25.54 per week, and exercise alternate weekend visitation with his son.

On January 12, 2015, the parties executed a consent order, increasing defendant's child support obligation to $210 per week, effective retroactively to November 28, 2014 (Consent Order). Defendant's contribution to A.N.'s health insurance remained $25.54 per week. The Consent Order also provided, "Neither party shall bring any application before the court for a period of three years to reduce or increase child support irrespective of their individual economic circumstances."

Toward the expiration of the three-year period, on October 18, 2017, plaintiff filed a motion seeking modification of child support pursuant to New Jersey's Child Support Guidelines (Guidelines), and for defendant's failure to "exercise any overnight [parenting time] in the past three years." Among other relief, plaintiff requested $289 per week, which included: defendant's 44% share of the Guidelines support amount, plus $100 per week because the parties' combined income exceeded 160% of the maximum joint income guideline; and

3

reflected a 14.6% upward adjustment because A.N. was "[fifteen and one-half] years old" at the time of the October 2017 application. See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 17, www.gannlaw.com (2018) (requiring a 14.6% upward adjustment only where an "initial" child support award is entered after a child's twelfth birthday). Plaintiff also sought an additional $63 per week for an increase in her New York State income tax, property tax and work-related commuting expenses.

Defendant opposed the motion, contending an increase was unwarranted because plaintiff's income exceeded his. Although defendant acknowledged he did not exercise overnight parenting time, he estimated that he spent approximately $300 per month on A.N.

In a detailed order entered February 12, 2018, the trial court denied plaintiff's motion to modify child support. The court elaborated,

> Defendant's current income is virtually unchanged from the time the parties entered into the Consent Order, whereas [p]laintiff's has increased. Plaintiff initially argues that circumstances have changed as the cost of living has gone up, however, child support collected through probation is subject to cost of living adjustments by probation without [c]ourt intervention. Plaintiff's argument that the maturation of the child results in more activities and expenses is also unpersuasive, as paragraph [two] of this [o]rder

A-2952-17T1

requires [d]efendant to contribute toward those [educational] expenses. Additionally, the child was already over the age of [twelve] when the parties entered into their Consent Order so upward[] modification on that basis is not warranted. Defendant not exercising overnight parenting time for the past three years is immaterial as the Consent Order stated that [he] did not receive any parenting time credit. Changes in [plaintiff's] commuting costs and the federal income tax are not changes in circumstance warranting recalculation. However, the [c]ourt will add the increased health insurance cost of $27.64 to the amount, which [d]efendant has consented to.

. . . .

[Paragraph two]. Plaintiff's request that [d]efendant be directed to share in the educational expenses of the child is GRANTED. While items such as school supplies, and books are covered under the Child Support Guidelines, private tuition is not. Plaintiff has submitted documentation as to the child's enrollment at a class at Middlesex County College, and the NJ Virtual School. Such expenses shall be divided by the parties in proportion to their income with [d]efendant being responsible for 44%.

This appeal followed.

On appeal, plaintiff contends the trial court erred in denying her motion to increase defendant's child support obligation. She renews the arguments she

asserted before the trial court[2] contending, among other things, that her financial circumstances have changed, and the court failed to account for a 14.6% increase in child support based upon A.N.'s maturation.

We review a trial court's child support decisions for an abuse of discretion. Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012). "The trial court has substantial discretion in making a child support award. If consistent with the law, such an award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Ibid. (internal quotation marks omitted) (quoting Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001)). "[W]e are not bound by '[a] trial court's interpretation of the law' and do not defer to legal consequences drawn from established facts." Id. at 116-17 (second alteration in original) (quoting Manalapan Realty, L.P., v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

---

[2] Because each of plaintiff's point headings listed in her table of contents cite to her January 22, 2018 certification, they fail to comply with Rule 2:6-2(a)(1), mandating citation to "the place in the record where the opinion or ruling in question is located." Further, citation to the trial record should have followed each point heading in plaintiff's brief. Nonetheless, we consider the merits of plaintiff's arguments. See State v. Kyles, 132 N.J. Super. 397, 400 (App. Div. 1975).

A-2952-17T1

We begin our review by observing we are hampered, to a degree, by the failure of the parties to provide a complete record on appeal. Rule 2:5-4(a) states in relevant part: "The record on appeal shall consist of all papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts . . . ." See also R. 2:6-1(a)(1)(I) (The appendix must contain parts of the record "essential to the proper consideration of the issues."). Although plaintiff provided an appendix that included the order under review and three prior orders, she failed to provide the order dated December 11, 2013, which is "essential to the proper consideration of the issues" before us. Ibid.

Ordinarily, this serious deficiency might prompt us simply to dismiss the appeal, Pressler & Verniero, Current N.J. Court Rules, comment 2 on Rule 2:5-3 (2018); see also Rule 2:8-2 (providing that an appellate court may, at any time and on its own motion, dismiss an appeal), or, alternatively, affirm the order under appeal. Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002) ("Without the necessary documents . . . we have no alternative but to affirm."). Nonetheless, we are confident that we have enough of the record to undertake meaningful appellate review.

In determining a child support award, courts are required to follow the Guidelines. Pascale v. Pascale, 140 N.J. 583, 593 (1995). Our review of the

record, here, reflects that the trial court followed the Guidelines, and supports the court's February 12, 2018 order denying plaintiff's request for a modification of child support. We affirm substantially for the sound reasons set forth in the trial court's statement of reasons accompanying the order. We add the following brief comments.

In pertinent part, the Guidelines provide, "[I]f the initial child support order is entered when a child is [twelve] years of age or older, that order and all subsequent orders shall be adjusted upward by 14.6%." Pressler & Verniero, Appendix IX-A to R. 5:6A at ¶ 17 (emphasis added). Plaintiff claims the initial child support order was entered on August 6, 2014, when A.N. was more than twelve years old. However, that order specifically referenced an order dated December 11, 2013, which awarded $275 in child support retroactive to December 6, 2013 when A.N. was eleven years old. Accordingly, plaintiff's argument that the August 6, 2014 order was the initial child support order is contradicted by the record and, consequently, her contention that the trial court erred by failing to include the Guidelines-mandated 14.6% upward adjustment lacks merit. See Accardi v. Accardi, 369 N.J. Super. 75, 87 (App. Div. 2004) (finding the 14.6% adjustment should be based on "the earliest date from which support was paid").

To the extent we have not otherwise addressed plaintiff's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION