**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1081-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS A. WALLACE, a/k/a
WALLACE THOMAS, and
WALLACE SONNEY,

    Defendant-Appellant.

_____

Argued March 18, 2019 – Decided April 9, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-09-0950.

Michael T. Denny, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

Valeria Dominguez, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Valeria Dominguez and Sara M.

Quigley, Deputy Attorney General, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Following a jury trial, defendant Thomas A. Wallace appeals from his convictions for all six counts charged in Burlington County Indictment No. 15-09-0950: third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3) (count one); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3) (count two); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) (count three); third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1) (count four); third-degree possession of oxycodone, N.J.S.A. 2C:35-10(a)(1) (count five); and third-degree possession with intent to distribute oxycodone, N.J.S.A. 2C:35-10.5(a)(3) (count six). He was sentenced to a seven-year prison term with a forty-two-month parole disqualifier pursuant to N.J.S.A. 2C:43-6(f).

Defendant claims the trial judge erred by denying his request to adjourn the trial to seek private counsel, and imposing a parole ineligibility term in excess of the mandatory minimum. More particularly, defendant raises the following points for our consideration:

A-1081-17T4

POINT I

THE TRIAL COURT VIOLATED [DEFENDANT]'S CONSTITUTIONAL RIGHTS TO THE COUNSEL OF HIS CHOICE BY FAILING TO ENGAGE IN THE REQUISITE INQUIRIES WHEN [DEFENDANT] INDICATED THE DESIRE TO OBTAIN SUBSTITUTE PRIVATE COUNSEL.

POINT II

THE IMPOSITION OF A PERIOD OF PAROLE INELIGIBILITY UNDER N.J.S.A. 2C:43-6(f), IN EXCESS OF THE MANDATORY MINIMUM, VIOLATES ALLEYNE V. UNITED STATES[,570 U.S. 99 (2013)].
(Not Raised Below)

By way of pro se supplemental brief, defendant raises these alleged errors:

POINT I

THE TRIAL COURT[']S FAILURE TO GIVE ANY CHARGE WHAT SO EVER [SIC] ON EYEWITNESS C[ONFIDENTIAL] I[NFORMANT (C.I.)] IDENTIFICATION TESTIMONY DEPRIVED DEFENDANT . . . OF HIS RIGHT TO A FAIR TRIAL ON ALL COUNTS AND CONSTITUTED PLAIN ERROR WHERE DEFENDANT[']S IDENTITY AS THE SOLE OWNER OF C[ONTROLLED] D[ANGEROUS] S[UBSTANCES] WAS THE KEY ISSUE ON ALL COUNTS[.] U.S. CONST. AMEND. XIV; N.J. CONST. (1947). ART. I PARA. 1, 9, 10.
(NOT RAISED BELOW)

3

POINT II

THE MATTER MUST BE REMANDED FOR A NEW TRIAL RESPECTING THE RELIABILITY OF ALL OF THE OUT-OF-COURT IDENTIFICATIONS OF [DEFENDANT] AS THE MAN WHO SOLD DRUGS TO [THE] STATE['S] INFORMANT AS WELL AS THE STATE NOT ALLOWING THE JURY TO HEAR [THE] C.I.'S STATEMENT OF ALLEGED SALES[;] BY NOT ALLOWING THE JURY TO KNOW THESE SALES EXISTED THE PROCEDURES USED VIOLATED THE ATTORNEY GENERAL GUIDELINES AND ARE THUS PRESUMED TO BE IMPERMISSIBLY SUGGESTIVE.
(NOT RAISED BELOW)

POINT III[1]

THE TRIAL COURT['S] ADMISSION OF TESTIMONIAL HEARSAY FROM C.I. #1863 NON[-]TESTIFYING WITNESS TENDING TO BOLSTER THE IDENTIFICATION AT TRIAL DENIED DEFENDANT HIS RIGHT TO CONFRONT THE WITNESS AGAINST HIM AND VIOLATED N.J.R.E. 802.

POINT IV

[T]HE TRIAL COURT['S] DELIVERY OF TWO JURY CHARGES[, WHILE] JUROR #12 ALLEGEDLY [WAS] SLEEPING[, WERE] CHARGES WHICH RELIEVED THE

---

1  Points III, VI, VII, and VIII of defendant's pro se brief fail to comply with Rule 2:6-2(a)(1), mandating citation to "the place in the record where the opinion or ruling in question is located."  Nonetheless, we consider the merits of defendant's arguments.  See State v. Kyles, 132 N.J. Super. 397, 400 (App. Div. 1975).

PROSECUTION OF ITS BURDEN OF PROVING EVERY MATERIAL ELEMENT OF ALL COUNTS INCLUDING [DEFENDANT]'S IDENTITY AS THE DRIVER OF BOTH VEHICLES AND OWNER OF CDS BEYOND A REASONABLE DOUBT[, WHICH] DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL. U.S. CONST. AMEND. XIV; N.J CONST. (1947). ART. I PARA. 1, 9, 10, 11.
(NOT RAISED BELOW)

POINT V

AGGREGATING SENTENCES [OF] SEVEN YEARS MAXIMUM WITH THREE AND ONE[-]HALF YEARS MINIMUM IMPOSED FOR THIRD DEGREE DRUG POSSESSION CHARGES ARE MANIFESTLY EXCESSIVE[,] UNDULY PUNITIVE AND NOT IN CONFORMANCE WITH [THE] CODE OF CRIMINAL JUSTICE [AND THE] EXTENDED TERM WAS NOT REASONABLE.
(NOT RAISED BELOW)

POINT VI

THE PROSECUTOR AND TRIAL COURT'S ADMISSION OF TESTIMONIAL HEARSAY FROM NAMED AND UNNAMED NON-TESTIFYING WITNESSES TENDING TO BOLSTER THE IDENTIFICATION OF [DEFENDANT] AS THE OWNER OF CDS DENIED DEFENDANT HIS RIGHT TO CONFRONT THE WITNESSES AGAINST HIM AND VIOLATED N.J.R.E. 802 AS WELL AS MAKING [DEFENDANT]'S CASE A CHAPTER 33 FRUIT OF THE POISONOUS TREE RULE.

A-1081-17T4

POINT VII

DEFENDANT INCORPORATES HEREIN ALL OF
HIS PRO[]SE ARGUMENTS FOR A NEW TRIAL
[AND] PROSECUTORIAL MISCONDUCT BEFORE
[THE] GRAND JURY VIOLATED DEFENDANT[']S
CONSTITUTIONAL RIGHTS.

POINT VIII

THE TRIAL COURT ERRED [BY] DENYING
DEFENDANT[']S MOTION TO SUPPRESS
[BECAUSE] NO PROBABLE CAUSE EXISTED
AND THE OFFICERS WERE N[O]T CREDIBLE.

We reject these arguments and affirm.

I.

We summarize the pertinent facts and procedural history. In April 2015, defendant was arrested after a two-month investigation by the Burlington County Prosecutor's Office's Gang, Gun and Narcotics Task Force, which was initiated when a C.I. told police defendant "was selling crack cocaine and using a Bonneville Pontiac to make deliveries to purchasers." Following the C.I.'s controlled purchases of CDS from defendant, police obtained search warrants for defendant's person, residence and Pontiac vehicle.

During the planned execution of the warrants, police observed defendant leave his home, driving a Mazda Protégé, for which they did not have a warrant. Police followed defendant, observed what they believed to be a drug transaction,

A-1081-17T4

and pulled over the Mazda. A K-9 unit responded to the scene and the dog positively alerted for the presence of narcotics in the Mazda. After impounding the car, police obtained a warrant to search it and seized, among other things, an aerosol can containing cocaine, heroin, and oxycodone pills. Police seized nearly $6500 from defendant's residence, including currency that matched the serial numbers of the bills used by the C.I. during the controlled purchases.

Prior to trial, Michael Dawson, Esq., defendant's then private counsel, filed a motion to suppress the evidence seized from the Mazda. Defendant primarily challenged the propriety of the procedures that led to the search warrant. Following a testimonial hearing in May 2016, the motion judge[2] denied defendant's application.

After defendant's ensuing application for drug court was denied, Dawson filed another motion to suppress the evidence seized from the Mazda, claiming defendant was entitled to a Franks[3] hearing. Dawson also filed a motion to

---

[2] Following the motion judge's decision, the matter was assigned to the present judge.

[3] Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (holding that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, . . . a hearing [should] be held at the defendant's request").

A-1081-17T4

disclose the identity of the C.I. In October 2016, the trial judge denied both motions.

Thereafter, defendant filed a motion to relieve Dawson as counsel. On December 13, 2016, the judge granted defendant's motion, citing defendant's "numerous disputes" and "inability to speak with Mr. Dawson." The judge reminded defendant that the matter was scheduled for trial on February 1, 2017. Defendant applied for the services of a public defender (PD), and his case was assigned to John D. Cirrinicione, Esq.[4]

By March 2017, defendant had requested that the PD's office substitute Cirrinicione with another PD, but apparently defendant was informed that "it's not the policy of [the PD's] office to simply give a client the attorney of their [sic] choosing." Defendant then filed a motion to proceed pro se.

On March 7, 2017, the judge heard argument regarding "multiple motions," including defendant's motion to represent himself. Cirrinicione told the judge, defendant "wants me to do certain things that I will not do because they violate the rules of ethics or they'll violate the rules of the courtroom, or they will be a miscarriage of justice." The judge engaged in an extended

---

[4] Apparently, the trial did not proceed on February 1, 2017. The reason for the postponement is not clear from the record.

colloquy with defendant regarding his ability to represent himself, during which the judge rejected defendant's application to have his roommate, who is not an attorney, as "part of [his] defense team."

The judge reserved decision on the motion, but informed defendant that if the judge granted his motion, "the matter [wa]s going to proceed to trial. There [was] not going to be a big delay." The court elaborated (emphasis added):

> And if you come in a week before trial and say, I just hired another attorney, you hired one on your own, that attorney better be ready to go to trial. In other words, you can't hold the [c]ourt on the end of a string dangling it for a trial date. That won't happen. Right now you have a trial date of April 11[, 2017].

On March 9, 2017, the judge summarized the State's succinct proofs and reiterated the matter's lengthy procedural history, including defendant's displeasure with Dawson and Cirrinicione, and defendant's "voluminous discovery" requests. The judge then resumed his colloquy with defendant regarding the impact of his motion to proceed pro se. Defendant responded (emphasis added):

> [A]t this time I don't feel comfortable with [Cirrinicione] as my attorney or my standby [counsel]. And I really don't want to represent myself. And I want to attempt to get a lawyer that's gonna help me. Now, if I have to represent myself, then that's what I'm gonna do. But all I ask is that the [c]ourt allows [sic] me at the same time if . . . I'm able to receive or get another

9

attorney, is that I get a minimum of [sixty] days to prepare my defense.

And at that point . . . there will be no other setbacks. I'll have everything prepared even if I can't find an attorney to help me. So at that point I would say I'd have my defense pro se prepared on top of that.

Defendant claimed he needed additional time to file another motion, subpoena "at least [fifteen] to [twenty] officers," and observe "a jury selection and opening statement." Absent from defendant's reasons for a two-month continuance was any indication that he had attempted to hire private counsel or had scheduled a meeting with private counsel to represent him in this matter.

In denying the motion, the judge explained:

Mr. Wallace, you had Mr. Dawson. He wasn't acceptable. Now you have Mr. Cirrinicione, he's not acceptable. And the [c]ourt has dealt with this for some time.

This case is going to be resolved. It's not going to be delayed. We've reached a point in time where it's going to trial. If it goes to trial and the [c]ourt grants your motion, Mr. Cirrinicione will be standby counsel. He'll tell you, if you want to know, well, this is the time you make your opening statement. He's not going to make an opening statement for you and he's not going to appear or be your attorney. That's not his function in this trial.

. . . .

> [Y]ou're coming in here, you're just complaining you don't like your lawyers. And maybe for good reason or bad reason, I don't know. But at some point in time the [c]ourt gets tired of that. [The court] says the matter is going to trial.

Defendant understood but said he did not "feel comfortable . . . at all" with Cirrinicione as his attorney. The judge responded, "Well, the question is[,] if you don't feel comfortable with him do you want to go it on your own or do you want to go it with Mr. Cirrinicione? I'm giving you your choice." Defendant then stated that he was "attempting to hire someone else[,]" to which the judge replied:

> Well, that's not your third choice. I didn't give you three. You've got two. Now, it's one or the other or I'm going to decide and I'm going to move the case for trial. But dancing around, and the nonsense, and I'm not ready, and I have this problem, and I have that problem, and I don't have this paper, and I don't have that paper, there comes a time when a judge puts an end to it. This is not a complex case. The choice is yours. If you don't want to make the decision, I'll make it for you.

Defendant opted to proceed pro se. The judge then determined defendant "made a knowing and intelligent waiver of his right to counsel[,]" and granted the motion.

11

On April 11, 2017, the parties appeared in court. Defendant appeared pro se with Cirrinicione as stand-by counsel. Trial did not proceed on that date. The judge summarized the reasons for the continuance as follows:

> The [c]ourt has received from [defendant] motions t[o] compel discovery, to suppress evidence and for reconsideration of the [c]ourt's rulings made on March 9, 2017.
>
> The [c]ourt has also learned that [defendant] has been granted by the [PD]'s office at the last moment some assistance probably with regard to transcripts, possibly as to an expert witness and possibly as to an investigator.
>
> Given all of those circumstances, the [c]ourt today reschedules this matter for trial on June 6, 2017, to allow [defendant] the opportunity to avail himself of whatever assistance . . . the [PD]'s office is going to provide.

A three-day jury trial was held in June 2017. Prior to jury selection, defendant withdrew his motion to proceed pro se, and consented to have Cirrinicione represent him. The State presented the testimony of three detectives, including an expert in the manufacturing and distribution of CDS; defendant testified on his own behalf. The jurors returned a guilty verdict as to all charges within two hours of beginning their deliberations. This appeal followed.

A.

Defendant first argues the trial judge erroneously denied his request for an adjournment to obtain private counsel by failing to consider and analyze the factors listed in State v. Kates, 216 N.J. 393, 396 (2014), and State v. Furguson, 198 N.J. Super. 395, 402 (App. Div. 1985).

We commence our analysis with well-established principles, recognizing we review the trial court's denial of an adjournment request under an abuse of discretion standard. State v. Hayes, 205 N.J. 522, 537 (2011). "Both the United States Constitution and our New Jersey Constitution grant defendants charged with a criminal offense the right to have the assistance of counsel." State v. King, 210 N.J. 2, 16 (2012). An essential element of this right is "the right of a defendant to secure counsel of his own choice." Furguson, 198 N.J. Super. at 401. "However, the right to retain counsel of one's own choice is not absolute." Ibid. The trial court has "wide latitude in balancing the right to counsel of choice . . . against the demands of its calendar." United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (citation omitted).

"What constitutes a reasonable adjournment to permit a defendant to retain counsel of his own choice depends generally upon the surrounding facts

and circumstances." Hayes, 205 N.J. at 538 (quoting Furguson, 198 N.J. Super. at 402). The factors included in this determination are set forth in United States v. Burton, 584 F.2d 485, 490-91 (D.C. Cir. 1978), adopted by New Jersey courts in Furguson, and reiterated in Kates, 216 N.J. at 396:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

"If a trial court conducts a reasoned, thoughtful analysis of the appropriate factors, it can exercise its authority to deny a request for an adjournment to obtain counsel of choice." Id. at 396-97. "Thus, we underscore that only if a trial court summarily denies an adjournment to retain private counsel without considering the relevant factors, or abuses its discretion in the way it analyzes

14

those factors, can a deprivation of the right to choice of counsel be found." Id. at 397. "[A] lengthy factual inquiry is [not] required." Ibid.

Here, defendant essentially contends that following the March 9, 2017 hearing, he was faced with a Hobson's choice, i.e., representing himself or proceeding with Cirrinicione. In doing so, defendant ignores the "surrounding facts and circumstances." See Hayes, 205 N.J. at 538. Indeed, the record demonstrates the trial judge entertained two motions by defendant to change counsel over the course of three months, postponing the trial date two months. Further, on March 7, 2017, the judge clearly informed defendant that he had the option of hiring private counsel prior to trial, provided the attorney was "ready to go to trial." Moreover, after being advised that the PD's office was assisting defendant with trial preparation, the judge again adjourned the trial to accommodate defendant's request. Notably, defendant never identified any potential private attorneys he was seeking to retain and never notified the court that he had retained private counsel.

Although the judge's impatience with defendant's request at the March 9, 2017 hearing is evident from the record, he did not summarily deny defendant's request. Instead, the judge adequately undertook the required analysis of the

appropriate factors.  Accordingly, we discern no abuse of the judge's discretion in denying defendant's request for a continuance to seek new counsel.

B.

Defendant also argues the judge's imposition of the maximum period of parole ineligibility pursuant to N.J.S.A. 2C:43-6(b) is unconstitutional because "judicial factfinding" deprived defendant of his Sixth Amendment right to a trial by jury.  Our Supreme Court rejected the identical argument in State v. Kiriakakis, 235 N.J. 420, 432 (2018),[5] and we find no basis to depart from that ruling here.

To the extent defendant's pro se sentencing argument implies the judge erred by failing to conduct a qualitative assessment of the aggravating and mitigating factors under N.J.S.A. 2C:44-1(a) and (b), that argument is belied by the record.  The court found aggravating factors three, the risk defendant would commit another offense, N.J.S.A. 2C:44-1(a)(3); six, the extent and seriousness of defendant's prior record, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9).  The court did not find any mitigating factors.  See N.J.S.A. 2C:44-1(b)(1) to (13).

---

[5] In their merits briefs, both parties indicated that our decision in Kiriakakis was pending certification before the Court.  Following the Court's decision, neither party supplemented their briefs.  See R. 2:6-11(d).

A-1081-17T4

Accordingly, the judge determined "the aggravating factors clearly outweigh the [nonexistent] mitigating factors."

We therefore affirm the sentence because the trial court followed the sentencing guidelines, its findings of fact and application of aggravating and mitigating factors is based on competent, credible evidence, and its "application of the guidelines to the facts" does not "shock[] the judicial conscience." State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

To the extent we have not specifically addressed the remaining arguments raised in defendant's pro se supplemental brief, we conclude they lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1081-17T4