**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0754-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH CODY, a/k/a JOSE
CODY, JOSIE L. CODY,
JOISE CODY and LEE CODY

     Defendant-Appellant.

_____

Submitted April 21, 2020 – Decided May 22, 2020

Before Judges Yannotti, Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-11-2741.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Joseph Cody appeals the May 29, 2018 Law Division order denying his petition for post-conviction relief (PCR), claiming he received ineffective assistance of trial and appellate counsel. We affirm.

I.

We briefly summarize the relevant facts from the record. Defendant was convicted of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(b); first-degree robbery, N.J.S.A. 2C:15-1; fourth-degree unlawful possession of a blunt object under inappropriate circumstances, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon with an unlawful purpose, N.J.S.A. 2C:39-4(d) following a jury trial. The convictions arose from the robbery of Surjit Singh, an attendant at a gas station in Newark.

After eleven hours of deliberations, the jury reported they were at an impasse. The trial court, who was also the PCR court, instructed the jury to continue its deliberations, gave the instruction approved in State v. Czachor, 82 N.J. 392 (1980), and provided a written copy of the jury charge over the objection of defense counsel. The jury also heard readbacks of Singh and Lorraine Bellamy's testimony.

A-0754-18T2

Following a guilty verdict on all counts, the trial court imposed a sentence of twenty-five years imprisonment with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and five years of parole supervision upon release. The judge also imposed a discretionary extended term for persistent offenders under N.J.S.A. 2C:43-7.1(b). We affirmed defendant's convictions and sentence. State v. Cody, No. A-5005-13 (App. Div. June 20, 2016). The Supreme Court denied defendant's petition for certification. State v. Cody, 228 N.J. 503 (2017).

Thereafter, on April 11, 2017, defendant filed a pro se petition for PCR alleging ineffective assistance of trial and appellate counsel and seeking an evidentiary hearing. In his petition, defendant raised the following issues:

POINT I

TRIAL COUNSEL WAS CONSTITUTIONALLY DEFICIENT FOR FAILURE TO MOTION THE TRIAL COURT FOR A MOTION TO SUPPRESS THE INADMISSIBLE EVIDENCE SEIZED FROM PETITIONER DUE TO "FRUITS OF SUCH AN UNLAWFUL ARREST," WHICH VIOLATED BOTH THE UNITED STATES AND NEW JERSEY CONSTITUTIONS['] GUARANTEE [OF] THE RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. U.S. CONST. AMEND IV; N.J. CONST. ART. 1, 7.

POINT II

3

TRIAL COUNSEL WAS INEFFECTIVE DURING THE PLEA NEGOTIATIONS WHEN HE MISADVISED PETITIONER THAT THE VIDEO AND CLOTHING EVIDENCE WOULD NOT BE USED AGAINST HIM AT TRIAL.

In his petition, defendant argued that the Newark police officers had reasonable suspicion to stop the gold Nissan he was a passenger in and being operated by co-defendant Arthur Armstrong, but did not have probable cause to arrest him. An off-duty fireman, Tashon Brown, was in the gas station's convenience store when the robbery took place. Brown followed defendant and co-defendant, his brother Victor Cody, and observed them enter the Nissan. Brown called the police and gave them the license plate number and the location of the vehicle. Defendant claimed the evidence seized as a result of his arrest should have been suppressed and appellate counsel's failure to raise this argument on appeal constituted ineffective assistance.

Additionally, defendant asserted that his trial counsel was ineffective during plea negotiations because he advised defendant that the surveillance video would only be admissible for "show-up identification evidence" and no other purpose at trial. He also claimed trial counsel led him to believe that evidence obtained at the time of his arrest would be inadmissible at trial because none of the witnesses described the clothing he wore. According to defendant,

4

if Victor's trial counsel had not misled them on these proofs, he likely would have accepted the ten-year plea deal offered by the State instead of proceeding to trial.

Defendant was assigned PCR counsel. In addition to defendant's arguments, PCR counsel argued the following points:

POINT I

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL CONSTITUTIONALLY GUARANTEED TO HIM PRETRIAL, AT TRIAL AND ON APPEAL, NECESSITATING GRANTING HIS PETITION FOR POST-CONVICTION RELIEF. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. ART. 1, PAR. 10.

A.    Trial And Appellate Counsels' Failure To Address The Trial Court Not Making The Required Inquiry Of The Clearly Deadlocked Jury "Whether Further Deliberations Would Likely Result In A Verdict" Resulted In Ineffectiveness Of Trial And Appellate Defense Counsel.

B.    Appellate Counsel's Failure To Raise The Trial Court's Sua Sponte And Unasked For Intrusion Into Jury Deliberations Resulted In The Conviction's Affirmance By The Appellate Division And In Ineffective Assistance Of Counsel.

C.    Trial Counsel's Failure To File And Argue A Motion To Suppress Resulted In The Admittance Of The Distinctive Shirt And Other Items Into

5

Evidence And In Ineffective Assistance Of Counsel.

D.     Counsel's Failure To Move To Suppress All Evidence And Identifications Of The Defendants And Appellate Counsel's Failure To Raise This Issue On Appeal, Resulted In Ineffectiveness Of Counsel.

E.     Trial Counsel's Lack Of Substantial Interaction With The Petitioner, Failure To File Motions, And Failure To Pursue An Exculpatory Explanation For The Recovered Money, Resulted In Ineffective Assistance Of Counsel.

F.     The Petitioner Adopts The Points And Arguments Submitted On Behalf Of The Co-Defendant, [Victor] Cody.

On April 16, 2018, the PCR court heard oral argument and reserved decision. On June 1, 2018, the PCR court issued a comprehensive, twenty-five page written opinion denying defendant's petition without an evidentiary hearing. The PCR court considered the merits of each of defendant's claims and found he failed to demonstrate either his trial counsel or appellate counsel was ineffective.

The PCR court held defendant "failed to establish a prima facie case in support of any claim" and "an evidentiary hearing would not aid this court in its decision to deny all of [defendant's] claims." The PCR court further determined

6

that some of defendant's claims were raised, addressed on the merits, and rejected on direct appeal.

Ultimately, the PCR court concluded defendant failed to demonstrate that either his trial counsel or appellate counsel was ineffective. More specifically, the PCR court found the restraint on defendant's liberty "arose to an investigative detention, rather than a custodial arrest," pursuant to Terry v. Ohio, 392 U.S. 1 (1968). The PCR court noted that "[s]ome restraint of a suspect's liberty is inherent in any 'show-up'" and the detention was no longer than reasonably necessary to facilitate the identification process, lasting fifteen minutes. Therefore, the PCR court determined that defendant failed to establish his trial counsel was ineffective for failing to move to suppress the show-up identifications under Rule 3:5A.

The PCR court found defendant was not arrested until Singh identified him and Victor Cody as the perpetrators. Singh stated defendant "struck him in the eye with some type of object." At that point, the PCR court determined the officer had probable cause to arrest defendant. A passerby, Bellamy, observed the robbery and physically described defendant and his brother as they ran from the scene of the crime. Surveillance video showed two men—one "wore a hooded coat while the other wore a shirt with a distinctive cross pattern on the

A-0754-18T2

back . . . ." Defendant's clothing matched the description given by Bellamy to the police. The PCR court found the officers had "sufficient objective justification to remove" defendant from the Nissan and his "clothing remained visible on the front passenger floorboard" in plain view.

Moreover, the PCR court concluded that appellate counsel's failure to raise these claims on direct appeal did not rise to the level of ineffective assistance of counsel. On appeal, defendant raises the following points:

> POINT I
>
> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR PCR WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL AND APPELLATE LEVELS.
>
> A.    RELEVANT CASE LAW.
>
> B.    INEFFECTIVE ASSISTANCE OF COUNSEL OCCURRED WHEN TRIAL COUNSEL OBJECTED TO THE ISSUE OF THE COURT'S IMPROPER RESPONSE TO THE JURY'S QUESTION REGARDING BEING DEADLOCKED AND APPELLATE COUNSEL FAILED TO RAISE THE ISSUE ON APPEAL.
>
> C.    THE PCR COURT WAS FACTUALLY INCORRECT IN DENYING PCR FOR THE REASON THAT THE MATTER HAD BEEN PREVIOUSLY RAISED ON DIRECT APPEAL WHEN PCR

COUNSEL CLEARLY SHOWED THAT THE ISSUE HAD NOT BEEN RAISED DUE TO INEFFECTIVENESS OF PRIOR COUNSEL.

In his pro se supplemental brief, defendant raises the following additional points:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE JURY INSTRUCTIONS FOLLOWING THE JURY'S QUESTION REGARDING BEING DEADLOCKED WHICH VIOLATED THE PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THAT THE TRIAL COURT IMPROPERLY HANDLED THE JURY'S QUESTIONS PERTAINING TO THEM BEING DEADLOCKED WHICH VIOLATED THE PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

POINT III

TRIAL COUNSEL'S FAILURE TO PROPERLY CONSULT WITH PETITIONER, TO FILE MOTIONS, AND TO PURSUE [AN] EXCULPATORY DEFENSE FOR THE MONEY RECOVERED THAT WAS IN DISPARITY WITH WHAT WAS TAKEN FROM THE VICTIM CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH VIOLATED THE PETITIONER'S

9

FEDERAL AND STATE CONSTITUTIONAL RIGHT
TO A FAIR TRIAL.

POINT IV

THE CUMULATIVE EFFECT OF TRIAL AND
APPELLATE COUNSEL'S ERRORS DEPRIVED
PETITIONER OF HIS RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL AND A FAIR TRIAL
UNDER THE SIXTH AND FOURTEENTH
AMENDMENT[S] WHICH VIOLATED THE
PETITIONER'S FEDERAL AND STATE
CONSTITUTIONAL RIGHT[S] TO A FAIR TRIAL.

II.

We first turn to defendant's contention that he was denied effective assistance of trial counsel because his attorney did not file a motion to suppress evidence obtained at the time of the stop. Defendant argues he was under arrest, not merely detained, because he was placed against the car, patted down, handcuffed, and subjected to a show-up identification. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must meet the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to show that his or her attorney's performance was deficient. 466 U.S. at 687.

To do so, a defendant must establish that counsel's alleged acts or omissions fell "outside the wide range of professionally competent assistance." Id. at 690. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

To satisfy the second prong of Strickland, the defendant "must show that the deficient performance prejudiced the defense." Ibid. The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "These standards apply to claims of ineffective assistance at both the trial level and on appeal." State v. Guzman, 313 N.J. Super. 363, 374 (App. Div. 1998) (citations omitted).

The test also applies to defendants who reject plea offers and go to trial, alleging that their decision was due to an attorney's ineffective counseling. However, in these cases, specific instances of attorney ineffectiveness existed, such as assuring a client that the plaintiff had no proof of their case. Lafler v. Cooper, 566 U.S. 156, 164 (2012).

Petitioner bears the burden of establishing a prima facie case. State v. Gaitan, 209 N.J. 339, 350 (2012). "[W]e consider [a] petitioner's contentions

indulgently and view the facts asserted . . . in the light most favorable to him." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In order to be entitled to an evidentiary hearing, the defendant must establish a prima facie claim of ineffective assistance of counsel, that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and that an evidentiary hearing is necessary to resolve the claims for relief.  R. 3:22-10(b).  An evidentiary hearing shall not be granted "if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to post-conviction relief" or "if the defendant's allegations are too vague, conclusory or speculative."  R. 3:22-10(e).

We review the legal conclusions of a PCR court de novo.  State v. Harris, 181 N.J. 391, 420 (2004) (citing Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir. 2004); Hakeen v. Beyer, 990 F.2d 750, 758 (3d Cir. 1993)).  The de novo standard of review applies to mixed questions of fact and law.  Ibid.  Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ."  Id. at 421.  We apply that standard here.

Having carefully considered defendant's arguments, we affirm substantially for the reasons expressed by the PCR court in its well-reasoned written opinion. We add the following comments.

Defendant's contention that the PCR court erred in rejecting the claim that his trial counsel was ineffective for not filing a motion to suppress evidence lacks merit. Here, Brown was in the gas station's convenience store when the robbery took place. He followed defendant and co-defendant Victor Cody and saw them enter the Nissan. Brown called the police and provided them with the license plate number and the location of the vehicle.

The police stopped the Nissan and ordered defendant and his brother out of the car. Defendants were brought back to the gas station for a show-up identification. Singh identified defendant and his brother as the perpetrators of the robbery and assault fifteen minutes after the acts were committed. According to Singh, co-defendant Victor Cody held him while defendant struck him in the face with a metal object.

We are convinced the PCR court properly rejected defendant's argument and denied the petition. The record supports the PCR court's finding that defendant and his brother were not arrested until after Singh identified them as the perpetrators. They were stopped and detained on reasonable suspicion

13

pending the identification procedure. The PCR court aptly found that the detention was no longer than reasonably necessary to facilitate the identification process.

We also reject defendant's argument that the PCR court erred in denying the claim that his trial counsel was ineffective by failing to accurately inform him of the severe sentence he faced if he turned down the plea offer. Defendant asserted that if his attorney had been forthright about certain incriminating evidence that could be admitted at trial, he would have accepted the State's plea offer and not proceeded to trial. He claims Victor Cody's attorney told them that the evidence obtained after their arrest would not be used against them at trial because none of the witnesses had described the perpetrator's clothing.

Where it is claimed that trial counsel's mistaken advice regarding potential sentencing exposure caused a defendant to reject a plea offer and proceed to trial, the defendant establishes prejudice under the second prong of the Strickland standard by demonstrating that he would have accepted the plea offer if he had been aware of his sentencing exposure, that his guilty plea would have been accepted by the court, and that the conviction and sentence he would have received under the plea offer would have been less severe than those resulting from the trial. Lafler, 566 U.S. at 164.

A-0754-18T2

The PCR court concluded that defendant's clothing was properly obtained pursuant to the plain view doctrine.  Bellamy reported seeing defendant and his brother to Brown and described the clothing (one defendant wore a dark blue jacket and the other a white shirt or sweatshirt).  Brown observed the defendants hastily remove their clothing.  The record supports the court's finding.

Defendant contends the PCR court wrongly rejected his claim that his appellate counsel was ineffective by not raising the alleged Fourth Amendment violations on direct appeal.  We are unpersuaded by this argument.  The PCR court determined appellate counsel was not obligated to raise a meritless argument, including that the investigative detention violated defendant's Fourth Amendment rights.  The PCR court held that appellate counsel was not required to assert "contentions that are palpably and clearly unmeritorious."  State v. Kyles, 132 N.J. Super. 397, 401 (App. Div. 1975).  We are convinced that the PCR court correctly determined that defendant had not been denied the effective assistance of appellate counsel.

In his pro se supplemental brief, defendant argues that his trial counsel was ineffective for not objecting to the modified Allen[1] charge, approved by our Supreme Court in Czachor.  When the jurors reported they had reached an

---

[1]  Allen v. United States, 164 U.S. 492 (1896).

impasse, the trial court instructed them to continue their deliberations and gave them a Czachor instruction. Defendant contends his trial counsel was ineffective because counsel failed to object and request the court inquire whether further deliberations would result in a verdict. And, defendant asserts that the trial court should not have provided the jury with written instructions. He also contends appellate counsel was ineffective for failing to raise these issues on appeal. Defendant's arguments are without merit.

In Czachor, our Court disapproved the charge for a deadlocked jury that had been sanctioned by the Supreme Court of the United States in Allen. 82 N.J. at 402. The Court held in Czachor that the conventional Allen charge was unduly coercive and did not "permit jurors to deliberate objectively, freely, and with an untrammeled mind." Ibid. Before a trial court gives a jury a Czachor charge, it should inquire whether further deliberations would be fruitful, however, that is not always required.

In this case, the trial court provided the jury with the charge approved by the Court in Czachor, and set forth in our Model Jury Charges (Criminal). The record shows that the trial court did not coerce the jury into reaching a verdict. Defense counsel objected to the instruction but, at that point, the jury had only been deliberating eleven hours. The jury continued its deliberations and

16

returned a verdict. Defendant has not shown that the result here would have been different if the judge had questioned the members of the jury before giving the <u>Czachor</u> charge. Appellate counsel also was not ineffective in failing to raise this issue on appeal. We are satisfied that the PCR court's determination was not erroneous.

Defendant further argues that the PCR court erred by finding that the issue regarding the trial court's response to the jury's note had been raised on direct appeal. Our opinion on the appeal indicates that defendant did raise that issue in his pro se supplemental brief. <u>Cody</u>, slip. op. at 4. Co-defendant Victor Cody also raised the issue in his appeal. The appeals were consolidated and addressed in one opinion. We rejected Victor Cody's contention that the trial judge erred by providing the <u>Czachor</u> instruction. <u>Id.</u> at 32. Therefore, the issue was adjudicated.

For these reasons, we conclude that defendant failed to establish a prima facie claim of ineffective assistance of trial counsel and appellate counsel. As to defendant's remaining arguments, including that his trial attorney was ineffective for not consulting with him, failed to file motions, pursue an exculpatory defense, and cumulative errors at trial, we are convinced from our

review of the record that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Accordingly, an evidentiary hearing was not necessary to resolve defendant's petition, and we affirm the PCR court's denial of defendant's petition for PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0754-18T2