**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0756-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR CODY,

    Defendant-Appellant.

_____

Submitted April 21, 2020 – Decided May 22, 2020

Before Judges Yannotti, Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-11-2741.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinski, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Victor Cody appeals the June 1, 2018 Law Division order denying his petition for post-conviction relief (PCR), claiming he received ineffective assistance of trial and appellate counsel. We affirm.

I.

We briefly summarize the relevant facts. Defendant was convicted of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(b); first-degree robbery, N.J.S.A. 2C:15-1; fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon with an unlawful purpose, N.J.S.A. 2C:39-4(d), following a jury trial. The convictions arose from the robbery of Surjit Singh, an attendant at a gas station in Newark.

The trial court imposed a sentence of thirty-years imprisonment with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and five years of parole supervision upon release. The judge also imposed a discretionary extended term for persistent offenders. We affirmed defendant's convictions and sentence. State v. Cody, No. A-5204-13 (App. Div. June 20, 2016). The Supreme Court denied defendant's petition for certification. State v. Cody, 228 N.J. 503 (2017).

Thereafter, on April 10, 2017, defendant filed a pro se petition for PCR alleging ineffective assistance of trial and appellate counsel and seeking an evidentiary hearing. In his petition, defendant raised the following issues:

POINT I

APPELLATE COUNSEL WAS CONSTI-TUTIONALLY DEFICIENT FOR FAIL[ING] TO RAISE AND CHALLENGE THE INADMISSIBLE EVIDENCE ADMITTED AGAINST APPELLANT THAT WAS ILLEGALLY SEIZED FROM PETITIONER DUE TO "FRUITS OF SUCH AN UNLAWFUL ARREST," WHICH VIOLATED BOTH THE UNITED STATES AND NEW JERSEY CONSTITUTIONS['] GUARANTEE [AND] THE RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. U.S. CONST. AMEND. IV, N.J. CONST. ART.1, 7.

POINT II

TRIAL COUNSEL WAS INEFFECTIVE DURING THE PLEA NEGOTIATIONS WHEN HE MISADVISED PETITIONER THAT THE VIDEO AND CLOTHING EVIDENCE WOULD NOT BE USED AGAINST HIM AT TRIAL.

Specifically, defendant asserted: (1) appellate counsel failed to argue that the evidence seized by the police officers effectuating his arrest, without a warrant and absent probable cause, should have been excluded and was not subject to a "good faith exception"; and (2) trial counsel was ineffective for

3

misinforming defendant that evidence obtained from him at the time of arrest would not be used against him at trial, leading to his rejection of a plea offer.

In support of his first contention, defendant argued that the Newark police officers had reasonable suspicion to stop the gold Nissan he was riding in and being operated by co-defendant Arthur Armstrong, but did not have probable cause to arrest him. An off-duty fireman, Tashon Brown, was in the gas station's convenience store when the robbery took place. Brown followed defendant and co-defendant, his brother Joseph Cody, and observed them removing their clothing and entering the Nissan driven by Armstrong. Brown called the police and gave them the license plate number and the location of the vehicle. Defendant claimed the evidence seized as a result of his arrest should have been suppressed and appellate counsel's failure to raise this argument on appeal constituted ineffective assistance.

Additionally, defendant asserted that his trial counsel was ineffective during plea negotiations because counsel advised defendant that video evidence would only be admissible for "show-up identification" and no other purpose at trial. He also claimed trial counsel led him to believe that evidence obtained at the time of his arrest would be inadmissible at trial because none of the witnesses described the clothing he wore, and the $1319 in cash found on him was almost

4

double the amount Singh said was stolen. According to defendant, if his trial counsel had not misled him on these proofs, he likely would have accepted the ten-year plea deal offered by the State instead of proceeding to trial.

Defendant was assigned PCR counsel. In addition to defendant's arguments, PCR counsel argued that trial counsel was ineffective for failing to call defendant's friend, Kim Burks, as a witness to explain the source of the money found on defendant and failing to object to jury instructions after the jury advised the trial court they were deadlocked. PCR counsel supplemented defendant's argument that appellate counsel was ineffective for not raising the above claims on appeal.

On April 16, 2018, the PCR court heard oral argument and reserved decision. On June 1, 2018, the PCR court issued a comprehensive, twenty-five-page written opinion denying defendant's petition without an evidentiary hearing. The PCR court considered the merits of each of defendant's claims and found defendant failed to demonstrate that either his trial counsel or appellate counsel was ineffective.

The PCR court held that defendant "failed to establish a prima facie case in support of any claim" and "an evidentiary hearing would not aid this court in its decision to deny all of [defendant's] claims." The PCR court further

5

determined that some of defendant's claims were raised, addressed on the merits, and rejected on direct appeal.

Ultimately, the PCR court concluded defendant failed to demonstrate that either his trial counsel or appellate counsel was ineffective. More specifically, the PCR court found the restraint on defendant's liberty "arose to an investigative detention, rather than a custodial arrest," pursuant to Terry v. Ohio, 392 U.S. 1 (1968). The PCR court noted that "[s]ome restraint of a suspect's liberty is inherent in a 'show-up'" and the detention was no longer than reasonably necessary to facilitate the identification process, which lasted fifteen minutes. Therefore, the PCR court determined that defendant failed to establish his trial counsel was ineffective for failing to move to suppress the show-up identifications under Rule 3:5A.

The PCR court found defendant was not arrested until Singh identified him and Joseph Cody as the perpetrators. The PCR court determined that, at that point, the officer had probable cause to arrest defendant and the cash was properly seized incident to the arrest. Defendant's clothing was observed under the plain view exception, being visibly displayed inside the vehicle on the front passenger floor, when defendant and the two occupants were removed.

6

The PCR court recounted that defendant fully understood the State's plea offer, which set forth a cutoff date. The only outstanding motion at the time the plea offer was made was a <u>Wade</u>[1] motion challenging Singh's identification. On the pretrial memorandum signed and initialed by defendant, the PCR court found he acknowledged that if convicted, the sentence would be life imprisonment, with a seventeen-year period of parole ineligibility.

The PCR court noted that had Burks testified at trial, she may have explained why defendant had a large sum of cash on him at the time of his arrest, however, her proffered explanation would not "add up." In her certification, Burks stated she received money from an insurance settlement and gave defendant $1000 to buy clothing. Singh testified only $600 to $700 was stolen from him. Addressing trial counsel's decision not to call Burks as a witness, the PCR court found that a jury could have considered the testimony as

> arguably inculpatory. If [Victor Cody] needed money from [Burks] to buy clothing, then he had a motive to obtain money from any source, including [the gas attendant], by any method, including armed robbery. . . . Since her proffered testimony "cuts both ways"—it is consistent with both innocence and guilt—trial counsel's decision to not use it falls within the wide range of presumptively reasonable professional assistance.

---

[1] <u>United States v. Wade</u>, 388 U.S. 218 (1967).

A-0756-18T2

. . . .

> While larger dollar bills would be consistent with a cash out, lower denominations would be consistent with robbery proceeds.
>
> [(Internal citation omitted).]

Moreover, the PCR court concluded that appellate counsel's failure to raise these claims on direct appeal did not rise to the level of ineffective assistance of counsel. On appeal, defendant raises the following points:

POINT I

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS ATTORNEY'S FAILURE TO FILE A MOTION TO SUPPRESS ALL EVIDENCE OBTAINED AS THE RESULT OF AN UNLAWFUL ARREST. (U.S. CONST., AMEND. IV, AMEND. VI; N.J. CONST. ART. I, ¶ 10).

(a) Defendant Is Entitled To Relief Under Controlling Legal Principles Governing Petitions for Post-Conviction Relief Pursuant to Rule 3:22-2 et seq.

(b) Defendant Was Arrested When He Was Stopped, Frisked, Handcuffed, Isolated, Placed in the Squad Car and Transported to the Gas Station By Police.

POINT II

8

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE DURING PLEA NEGOTIATIONS.

POINT III

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE DUE TO TRIAL COUNSEL'S FAILURE TO CALL KIM BURKS AS A WITNESS.

POINT IV

APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE THE FOURTH AMENDMENT VIOLATIONS ON DIRECT APPEAL.

POINT V

THE PCR COURT ERRED BY DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

## II.

We first turn to defendant's contention that he was denied effective assistance of trial counsel because his attorney did not file a motion to suppress evidence obtained at the time of the stop. Defendant argues he was under arrest, not merely detained, because he was placed against the car, patted down, handcuffed, and subjected to a show-up identification. We disagree.

9

To prevail on a claim of ineffective assistance of counsel, a defendant must meet the two-prong test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). The first prong of the <u>Strickland</u> test requires a defendant to show that his or her attorney's performance was deficient. <u>Strickland</u>, 466 U.S. at 687.

To do so, a defendant must establish that counsel's alleged acts or omissions fell "outside the wide range of professionally competent assistance." <u>Id.</u> at 690. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687.

To satisfy the second prong of <u>Strickland</u>, the defendant "must show that the deficient performance prejudiced the defense." <u>Ibid.</u> The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "These standards apply to claims of ineffective assistance at both the trial level and on appeal." <u>State v. Guzman</u>, 313 N.J. Super. 363, 374 (App. Div. 1998) (citations omitted).

The test also applies to defendants who reject plea offers and go to trial, alleging that their decision was due to an attorney's ineffective counseling.

However, in these cases, specific instances of attorney ineffectiveness existed, such as assuring a client that the plaintiff had no proof of their case. Lafler v. Cooper, 566 U.S. 156, 161 (2012).

Defendant bears the burden of establishing a prima facie case. State v. Gaitan, 209 N.J. 339, 350 (2012). "[W]e consider [a] [defendant's] contentions indulgently and view the facts asserted . . . in the light most favorable to him." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In order to be entitled to an evidentiary hearing, the defendant must establish a prima facie claim of ineffective assistance of counsel, that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and that an evidentiary hearing is necessary to resolve the claims for relief. R. 3:22-10(b). An evidentiary hearing shall not be granted "if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to post-conviction relief" or "if the defendant's allegations are too vague, conclusory or speculative." R. 3:22-10(e).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 420 (2004) (citing Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir. 2004); Hakeen v. Beyer, 990 F.2d 750, 758 (3d Cir. 1993)). The de novo standard of review applies to mixed questions of fact and law. Ibid. Where

an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421. We apply that standard here.

Having carefully considered defendant's arguments, we affirm substantially for the reasons expressed by the PCR judge in his well-reasoned written opinion. We add the following comments.

Defendant's contention that the PCR court erred in rejecting the claim that his trial counsel was ineffective for not filing a motion to suppress evidence lacks merit. Here, Brown was in the gas station's convenience store when the robbery took place. He followed defendant and co-defendant Joseph Cody and saw them enter the Nissan. Brown called the police and provided them with the license plate number and the location of the vehicle.

The police stopped the Nissan and ordered defendant and his brother out of the car. The PCR court noted that defendant failed to comply with the officer's commands to show his hands until the officer produced a service weapon. Defendants were brought back to the gas station for a show-up identification. Singh identified defendant and his brother as the perpetrators of the robbery and assault fifteen minutes after the acts were committed.

12

According to Singh, defendant held him while Joseph Cody struck him with a metal object.

We are convinced the PCR court properly rejected defendant's argument and denied the petition. The record supports the PCR court's finding that defendant and his brother were not arrested until after Singh identified them as the perpetrators. They were stopped and detained on reasonable suspicion pending the identification procedure. The PCR court aptly found that the detention was no longer than reasonably necessary to facilitate the identification process.

We also reject defendant's argument that the PCR court erred in rejecting the claim that his trial counsel was ineffective by failing to accurately inform him of the severe sentence he faced if he turned down the plea offer. Defendant asserted that if his attorney had been forthright about incriminating evidence being admitted at trial, he would have accepted the State's plea offer and not proceeded to trial. He claims his attorney told him that the evidence obtained after his arrest would not be used against him at trial because none of the witnesses had described the perpetrator's clothing.

Where it is claimed that trial counsel's mistaken advice regarding potential sentencing exposure caused a defendant to reject a plea offer and proceed to

A-0756-18T2

trial, the defendant establishes prejudice under the second prong of the <u>Strickland</u> standard by demonstrating that he would have accepted the plea offer if he had been aware of his sentencing exposure, that his guilty plea would have been accepted by the court, and that the conviction and sentence he would have received under the plea offer would have been less severe than those resulting from the trial. <u>Lafler</u>, 566 U.S. at 161.

As the PCR court correctly found here, defendant "fully understood the full extent of the plea offer before he decided to reject it." Page three of the pre-trial memorandum was executed on the plea cutoff date and stated the only outstanding pretrial motion was the <u>Wade</u> hearing. Additionally, the PCR court noted there was no prejudice concerning defendant's understanding as to whether he could continue to litigate the suppression of physical evidence seized because "those motions lacked merit." The PCR court concluded that defendant's clothing was properly obtained pursuant to the plain view doctrine. The record supports the court's finding.

There is also no merit to defendant's contention that his trial counsel should have called Burks as a witness. The record supports the PCR court's finding that trial counsel reasonably decided, as a matter of trial strategy, not to call Burks because the $1000 that she allegedly gave defendant would not have

14

explained where defendant got the other $319 found on his person. We discern no error.

Finally, defendant contends the PCR court wrongly rejected his claim that his appellate counsel was ineffective by not raising the alleged Fourth Amendment violations on direct appeal. We are unpersuaded by this argument. The PCR court determined appellate counsel was not obligated to raise a meritless argument, including that the investigative detention violated defendant's Fourth Amendment rights. The PCR court held that appellate counsel was not required to assert "contentions that are palpably and clearly unmeritorious." State v. Kyles, 132 N.J. Super. 397, 401 (App. Div. 1975). We are convinced that the PCR court correctly determined that defendant had not been denied the effective assistance of appellate counsel.

For these reasons, we conclude that defendant failed to establish a prima facie claim of ineffective assistance of trial counsel and appellate counsel. As to defendant's remaining arguments, we are convinced from our review of the record that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

15

Accordingly, an evidentiary hearing was not necessary to resolve defendant's petition, and we affirm the PCR court's denial of defendant's petition for PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION